Corder *v.* Dolin.

W. G. CORDER, *et al.*, *v.* M. DOLIN, *et al.*

1. EJECTMENT. *Adverse possession.* *Charge.* The Court charged the jury
that if the defendant in ejectment took possession in 1849, under a
bond for title, and held adverse possession continuously until his
death in 1865, and if, after his death, the tenants continued to hold
adverse possession for the defendant's heirs for seven years, these
united possessions under the bond would form a bar to plaintiff's
action.

*Held,* This charge was correct.

2. SAME. *Same.* *Estoppel.* But it was erroneous to charge that if de-
fendant claimed under a title bond executed by the ancestor of the
plaintiff, then the defendant would be estopped to deny the plaintiff's
title, and verdict should be for the plaintiffs. It does not follow that
because the defendant held under such ancestor's title bond, therefore
he could not have such adverse possession as would constitute a bar
after seven years.

Cases cited: Marr *v.* Gilliam, 1 Cold., 488; Wortham *v.* Cherry, 3
Head, 468; Gudger *v.* Barnes, 4 Heisk., 578.

---

FROM LINCOLN.

---

Appeal from the Circuit Court.    W. P. HICKER-
SON, Judge.

BRIGHT for Corder.

W. B. MARTIN, BOYCE & BURNAM and KERCHEVAL
for Dolin.

J. C. & J. M. GAUT and THOS. M. OSMENT for
Bonner's heirs.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an action of ejectment, commenced in December, 1869, by W. G. Corder against M. Dolin, who was a tenant of J. J. Bonner, the latter, during the pendency of the cause, being substituted as defendant instead of Dolin.

W. G. Corder relied for title upon a grant of North Carolina, issued in 1794, to Boyd & Hachett, and upon a deed from James G. Caruthers to W. G. Corder, dated in 1839, and upon proof of continuous adverse possession under this deed for more than seven years.

Defendant depended upon an alleged adverse possession for more than seven years, under a title bond executed by John Corder, in 1849, to J. J. Bonner.

Two trials were had on the issue so made up, both of which resulted in verdicts for W. G. Corder, but the same were set aside by the Court, and new trials granted.

W. G. Corder obtained leave, in 1872, to amend his declaration by filing a count in the name of W. G. Corder and others, heirs of John Corder, deceased, under whose title bond Bonner claimed title.

The cause was then tried upon the issue as to both counts, and the jury found against W. G. Corder on the first count, and in favor of W. G. Corder and the other heirs of John Corder on the second count.

W. G. Corder has appealed from the judgment on the first count, and Bonner has appealed from the judgment on the second count.

1. Was there any error in the judgment on the first count?

It is manifest that W. G. Corder had no title under the grant of North Carolina and the deed of Caruthers, but if his possession was adverse under his deed for seven years, at the end of that time he had a fee simple title. The Court so charged the jury, but he charged that if Bonner took possession in 1849, under his bond for title from John Corder, and held adverse possession continuously until his death, in 1864, and if upon his death the tenant on the land continued to hold adverse possession for Bonner's heir, and this possession continued for seven years, these united possessions under the bond would form a bar against W. G. Corder's action. This charge is sustained by the case of *Marr* v. *Gilliam*, 1 Cold., 488.

Under this charge the jury found against W. G. Corder on the first count, and the proof sustains the verdict.

2. Was there error in the judgment on the second count?

We have stated that John Corder's heirs were made plaintiffs by an amended declaration in 1872. No exception seems to have been taken to the action of the Court in allowing this amendment; nor do we see that any question was made thereon on the trial below. It is said now, however, that the Court erred in permitting this amendment, because there is no privity between the plaintiffs in the second count and the lessee of the plaintiff, and because the plaintiffs in the

second count rely upon a different title, having no relation to that of the lessor. It is not clear, that under our liberal system of amendments, that there was error in allowing the amendment to be made. But waiving that question, as no objection seems to have been made to the amendment, we think its effect was to operate as a new suit in the name of the heirs of John Corder. In this view the amendment would not relate back to the issuance of the original summons in December, 1869, but for all purposes would be treated as a suit commenced in 1872. It would follow that if defendant in the suit had been in continuous adverse possession of the land for twenty years, when the amendment was made, he could rely on the presumption of a grant to defeat the action of the plaintiffs in the second count.

But this question seems not to have been made or passed on by the Court on the trial. The case turned upon the charge of the Court as to the estoppel upon defendant, arising from the fact that he claims under the ancestor of plaintiffs in the second count. The Court charged, " that if Bonner claimed under a title bond executed by John Corder, the ancestor of plaintiff in the second count, then Bonner is estopped from denying plaintiff's title, and the verdict should be for plaintiffs on the second count."

The principle on which the Circuit Judge proceeded, in his charge, was, that where both parties claim title under the same third person, it is sufficient to prove the derivation of title from him, without proving his

title. Hence, both parties are estopped to gainsay the title under which they claim. *Wortham* v. *Cherry*, 3 Head, 468.

But it does not follow, that because Bonner held under the title bond of John Corder, therefore he could not have such adverse possession as would constitute a bar to the action after seven years of such adverse possession.

In the case of *Gudger* v. *Barnes*, 4 Heisk., 578, this Court held, "that so far as the possession of the land under the title bond goes, it is a possession for himself adverse to the right of possession of the vendor; so that, if such vendor shall hold possession under the title bond, and purchase evidenced by it, seven years, he would be protected against any possessory action, or action in law or equity, on the part of the vendor, in which the vendor should seek to oust him of his possession, and obtain it for himself."

We are, therefore, of opinion that the Court erred in his charge on this subject, and for this error the judgment on the second count will be reversed, but the judgment on the first count is affirmed.